IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ADALIRA LOPEZ JARA, | ) | CASE NO. 14-80057-G3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

Came on for consideration the "Debtor's Motion for Summary Judgment on First Amended Objection to Second Amended Proof of Claim of Internal Revenue Service (Claim #2)" (Docket No. 44) filed by Debtor, Adalira Lopez Jara, and the "United States' Motion for Summary Judgment" (Docket No. 54) filed by creditor, United States.  After review of the motions, responses thereto, affidavits and exhibits in support, the docket sheet and the entire file in the above captioned bankruptcy case, the court will enter a separate Judgment overruling the Debtor's objection to the proof of claim of the Internal Revenue Service ("IRS").  To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

Findings of Fact

1.  On January 10, 2011, Debtor executed a Plea Agreement with the United States.  Debtor agreed to enter a

guilty plea to a violation of 26 U.S.C. § 7207 for filing false statements related to Taqueria Arandas No. 10, Inc.'s corporate income taxes for the tax periods 2000-2005.  Debtor's Exhibits A and A-1; Docket Nos. 44-1 and 44-2.

    2.  Pursuant to the Plea Agreement, Debtor agreed to a specific tax loss for certain tax years and restitution in the amounts as follows: Tax Year 2000 in the amount of $18,685; Tax Year 2001 in the amount of $8,733; Tax Year 2002 in the amount of $14,676; Tax Year 2003 in the amount of $3,526; Tax Year 2004 in the amount of $15,652; and Tax Year 2005 in the amount of $9,342.  The total restitution amount was $70,614.  On January 14, 2011, Debtor paid a lump sum of $70,614 in criminal restitution which related to the tax losses.  Debtor's Exhibits A through A-3; Docket Nos. 44-1 through 44-3.

    3.  Under the section of the Plea Agreement entitled "Criminal Tax Loss and Civil Tax Liability," it specifically states that

> [the Debtor] understands and agrees that the plea agreement does not and will not resolve her civil tax liabilities and that the Internal Revenue Service may be entitled to and may seek additional taxes, interest and penalties from her relating to the conduct underlying the Criminal Information.

Debtor's Exhibit A-1, page 8, paragraph 16; Docket No. 44-1. Additionally, the Plea Agreement provides that

> [Debtor] is entitled to receive credit against taxes due and owing for restitution paid pursuant to this plea agreement but nothing herein shall limit the IRS

> in its lawful examination, determination, assessment or collection of any taxes, penalties, or interest due for any time period or taxpayer including the [Debtor]. [Debtor] agrees that this agreement or any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, or compromise [Debtor's] obligation to pay the balance of any remaining civil liabilities, including additional tax, interest, and/or penalties owed.

Debtor's Exhibit A-1, page 9, paragraph 17; Docket No. 44-1.

    4.   The Plea Agreement is signed by the Debtor, and her signature thereon acknowledges that she consulted with her attorney and that she understood and voluntarily agreed to its terms.  Debtor's Exhibit A-1, page 12; Docket No. 44-1.  The court finds that Debtor's signature on the Plea Agreement verifies that she understood and agreed that the IRS may seek additional civil tax liabilities, interest, and penalties from her relating to her criminal conduct.

    5.   On April 21, 2011, the United States District Court for the Southern District of Texas entered a criminal judgment against the Debtor, which reflects that the Debtor was ordered to pay criminal restitution of $70,614 under 18 U.S.C. §§ 3556 and 3663(a) for the tax losses to the IRS.  Debtor's Exhibit A-3; Docket No. 44-3.

    6.   On February 21, 2014, Debtor filed the instant Chapter 13 bankruptcy proceeding and listed the IRS as a priority creditor with an amount due of $0.00 for unpaid corporate income taxes for tax years 2001 through 2006.  On April 28, 2014, the

IRS made criminal restitution assessments based upon the April 21, 2011 criminal judgment against the Debtor.  Debtor's Exhibit A-3; Docket No. 44-3.

    7.  The restitution based assessment includes the amount of the estimated tax loss, allocated among the applicable tax periods, as well as accrued interest on each tax liability.[1] The IRS assessments are as follows: $18,685 for unpaid taxes and $16,580.99 accrued interest for Tax Year 2001; $8,733 for unpaid taxes and $6,744.40 accrued interest for Tax Year 2002; $14,676 for unpaid taxes and $9,993.26 accrued interest for Tax Year 2003; $3,526 for unpaid taxes and $2,151.90 accrued interest for Tax Year 2004; $15,652 for unpaid taxes and $8,223.85 accrued interest for Tax Year 2005; and $9,342 for unpaid taxes and $3,922.58 accrued interest for Tax Year 2006.

    8.  Payments made pursuant to criminal restitution orders related to taxes owed must be applied against tax liabilities in a civil proceeding.  *See United States v. Clayton*, 613 F.3d 592 (5th Cir. 2010); *United States v. Helmsley*, 941 F.2d 71 (2d Cir. 1991).  The amount of $70,614, paid by Debtor as criminal restitution, was deducted from the criminal restitution

---

[1] The criminal restitution amount of $70,614.00 set out in the criminal judgment is identical to the restitution assessment for unpaid taxes.  The Plea Agreement and the restitution assessment break down the total into separate amounts which correlate to a specific tax year.  The court notes that although the amounts are identical, the Plea Agreement correlates the amounts to tax years 2000 through 2005, while the restitution assessment correlates the amounts to tax years 2001 through 2006.

assessment by the IRS.  After adjusting the tax liability, only the accrued interest for each tax year remained due and owing.  The IRS filed a general unsecured proof of claim, which was last amended on August 14, 2014, in the total amount of $39,679.43, representing interest owed on the separate assessments for criminal restitution.  See Government exhibits 7-13; Claims Register, Proof of Claim No. 2, as amended.

      9.  Debtor filed an objection to the IRS proof of claim on the basis that she is not liable for any income tax debt for the corporation and even if she was, she already paid the agreed amount of full restitution and no balance is due and owing.  Docket No. 40.  Additionally, in her Motion for Summary Judgment, at Docket No. 44, Debtor argues that the IRS's proof of claim is barred by the principles of *res judicata* and collateral estoppel due to the matter having been previously litigated and resolved by the criminal restitution judgment.  The IRS also moved for summary judgment.

## Conclusions of Law

      1.  Summary Judgment is appropriate where the court, viewing evidence in the light most favorable to the non-moving party, finds that there is no genuine issue of material fact and it should be granted as a matter of law.  F.R.C.P. 56(c).  The purpose of summary judgment is to "pierce the pleadings" and to assess the proof in order to see whether there is a genuine need

for trial.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  These standards apply equally in bankruptcy cases. *United States v. Kolstad (In re Kolstad)*, 101 B.R. 492, 493 (Bankr. S.D. Tex. 1989).

  2.  Pursuant to 18 U.S.C. § 3663(a), a District Court may order restitution to the victim of a criminal offense.  An order to pay restitution is a criminal penalty and, although restitution is based upon an estimation of civil tax liability, it is not a final determination of civil tax liability which bars the IRS from assessing a greater amount of civil tax liability. *See Morse v. Commissioner*, 419 F .3d 829, 833-835 (8th Cir. 2005); *Hickman v. Commissioner*, 183 F.3d 535,537-538 (6th Cir. 1999).

  3.  A restitution assessment pursuant to section 6201(a)(4) is limited to the amount of restitution reflected in the court's order.  No additional amounts of tax or penalty not identified in the restitution order can be assessed unless there is separate basis under another subsection of section 6201 to do so.  However, as with any tax assessment, if the criminal

restitution assessment amount is not paid when due, interest will accrue from the due date until paid. 26 U.S.C. § 6601(a).

4. Section 6601(a) provides that if any amount of tax imposed under the Internal Revenue Code is not paid on or before the last date prescribed for payment, interest on such amount shall be paid from such last date to the date paid. Section 6601(e)(1) provides that interest is treated as a tax and shall be assessed, collected and paid in the same manner as taxes. Thus, accrued interest is part of the unpaid tax. Pursuant to section 6622, interest is compounded daily such that interest is computed on the sum of the unpaid tax plus the previously accrued interest.

5. Section 6601(b) of the Internal Revenue Code states that the last date prescribed for payment shall be determined under Chapter 62. Chapter 62 sets forth the due dates for the payment of a tax, which is generally the time fixed for filing the return. 26 U.S.C. § 6151(a). Taqueria Arandas' tax year ended on June 30th of each year at issue. Under Section 6072(b) of the Internal Revenue Code, Taqueria Arandas' tax return would be due on September 15th of each year at issue. Thus, under Section 6601 of the Code, interest on the unpaid liability would begin to accrue on the date the return for each year was due.

6. Section 6501(c)(11) of the Internal Revenue Code provides that the IRS can assess amounts under Section 6201(a)(4)

"at any time ."  Thus, there is no statute of limitations on the assessment of criminal restitution amounts.  The court finds that the assessments on the criminal restitution amounts and the accrued interest thereon are not barred by the statute of limitations.

      7.  *Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  The test for claim preclusion has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.  *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), cert. denied, 547 U.S. 1055 (2006).

      8.  Although related, assessments on criminal restitution amounts are separate and distinct from the criminal restitution judgment.  The Plea Agreement and criminal judgment are not *res judicata* because at issue before this court is the criminal restitution assessments, which are separate assessments of tax and interest, as opposed to the imposition of criminal restitution payments pursuant to a criminal judgment.

      9.  The IRS's authority to make a criminal restitution assessment is set forth in 26 U.S.C. § 6201(a)(4)(A), which

provides, in pertinent part, that

> t]he Secretary shall assess and collect the amount of restitution under an order pursuant to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax. [2]

10. Pursuant to 26 U.S.C. § 6201(a)(4)(A), the IRS can assess the amount of a criminal restitution order as a tax. This is an assessment of tax liability, which is related to but separate from the imposition of criminal restitution payments set forth in a criminal judgment.

11. Collateral estoppel does not apply. Criminal restitution, or the amount thereof, is not an element of the crime[3] to which the Debtor plead and thus, is not essential to rendering the criminal judgment convicting the Debtor of the crime. Further, the Debtor's tax liabilities for the subject years were not actually litigated. *Morse v. Commissioner*, 419 F.3d 829 (8th Cir. 2005).

12. Collateral estoppel bars relitigation of an issue where: (1) the party sought to be precluded in the second suit

---

[2] The Firearms Excise Tax Improvement Act of 2010, Pub. L. No. 111-237, § 3, 124 Stat. 2497 (2010) established the IRS's authority to assess and collect Federal Court ordered criminal restitution for the failure to pay any tax under Title 26 for restitution orders entered after August 16, 2010. Debtor executed the Plea Agreement on January 10, 2011 and the criminal restitution judgment was entered on April 21, 2011.

[3] Debtor plead guilty to a violation of 26 U.S.C. § 7207, the willful delivery of a false document to the Internal Revenue Service. Debtor's Exhibit A-3; Docket No. 44-3.

was a party, or privy to a party, in the prior suit; (2) the issue sought to be precluded is the same as the issue involved in the prior action; (3) the issue was "actually litigated" in the prior action; (4) the issue was determined by a valid and final judgment; and (5) the determination in the prior action was essential to the judgment.  *See Morse, supra.*; *Peck v. Commissioner*, 90 T.C. 162 (1988), *aff'd*, 904 F.2d 525 (9th Cir. 1990).

Based upon these findings of fact and conclusions of law, the court will enter a separate Judgment in conjunction therewith.

Signed at Houston, Texas on this 5th day of February, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE